# Supreme Court of Pennsylvania
## Court of Common Pleas
## Civil Cover Sheet

_____ County

| For Prothonotary Use Only: |
| --- |
| Docket No: **2021-01035** |

ENTERED
PROTHONOTARY OFFICE
LEBANON
2021 AUG 2...
FILED
PROTHONOTARY OFFICE
LEBANON PA

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**SECTION A**

**Commencement of Action:**
- ☒ Complaint
- ☐ Transfer from Another Jurisdiction
- ☐ Writ of Summons
- ☐ Petition
- ☐ Declaration of Taking
- ☐ Notice of Appeal

Lead Plaintiff's Name: SARA COON, Administratrix of the Estate of Maxwell Schollenberger, and in her own right

Lead Defendant's Name: COUNTY OF LEBANON

☐ **Check here if you are a Self-Represented (Pro Se) Litigant**

Name of Plaintiff/Appellant's Attorney:   STEVEN F. MARINO, ESQUIRE

Are money damages requested? :   ☒ Yes   ☐ No

Dollar Amount Requested:   ☐ within arbitration limits   (Check one)   ☒ outside arbitration limits

**Is this a *Class Action Suit*?**   ☐ Yes   ☒ No

**Nature of the Case:**   Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE.** If you are making more than one type of claim, check the one that you consider most important.

**SECTION B**

**TORT** (*do not include Mass Tort*)
- ☐ Intentional
- ☐ Malicious Prosecution
- ☐ Motor Vehicle
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability (*does not include mass tort*)
- ☐ Slander/Libel/ Defamation
- ☒ Other:
   Wrongful Death / Civil Rights

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other:

**PROFESSIONAL LIABLITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional:

**CONTRACT** (*do not include Judgments*)
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other

- ☐ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other

- ☐ Other:

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure
- ☐ Partition
- ☐ Quiet Title

- ☐ Other:

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Zoning Board
- ☐ Statutory Appeal: Other

Judicial Appeals
- ☐ MDJ - Landlord/Tenant
- ☐ MDJ - Money Judgment
- ☐ Other:

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin

- ☐ Other:

**MARINO ASSOCIATES**
**BY:** STEVEN F. MARINO, ESQUIRE
ATTORNEY I.D. #53034
JOSEPH AUDDINO, ESQUIRE
ATTORNEY I.D. #316752
301 WHARTON STREET
PHILADELPHIA, PA 19147
(215) 462-3200

THIS IS NOT AN ARBITRATION
CASE. AN ASSESSMENT OF
DAMAGES HEARING IS
REQUIRED

ENTERED & FILED
PROTHONOTARY OFFICE
LEBANON, PA
2021 AUG 25  P 1: 18

Attorneys for Plaintiff

SARA COON, Administratrix of the
Estate of Maxwell Schollenberger,
and in Her Own Right

                            Plaintiff

        v

COUNTY OF LEBANON et. al.

                            Defendants

IN THE COURT OF COMMON PLEAS
LEBANON COUNTY -
CIVIL DIVISION

No. 2021-01035

## NOTICE TO DEFEND

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

*You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.*

Mid-Penn Legal Services
513 Chestnut Street
Lebanon, PA 17042
Phone: (717) 274-2834

### AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

*Lleve esta demanda a un abogado immediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.*

Mid-Penn Legal Services
513 Chestnut Street
Lebanon, PA 17042
Phone: (717) 274-2834

**MARINO ASSOCIATES**
**BY:** STEVEN F. MARINO, ESQUIRE
ATTORNEY I.D. #53034
JOSEPH AUDDINO, ESQUIRE
ATTORNEY I.D. #316752
301 WHARTON STREET
PHILADELPHIA, PA 19147
(215) 462-3200

THIS IS NOT AN ARBITRATION
CASE. AN ASSESSMENT OF DAMAGES
HEARING IS REQUIRED

Attorneys for Plaintiff

SARA COON, Administratrix
of the Estate of Maxwell Schollenberger,
and in her own right
c/o Marino Associates
301 Wharton Street
Philadelphia, PA 19147

IN THE COURT OF COMMON
PLEAS LEBANON COUNTY -
CIVIL DIVISION

No.  *2021-01035*

v                    Plaintiff

COUNTY OF LEBANON
Municipal Building, Room 401
400 South 8th Street
Lebanon, PA 17042-6794

and

ERIN M. MOYER
Municipal Building, Room 401
400 South 8th Street
Lebanon, PA 17042-6794

and

SCOTT SCHOLLENBERGER, JR.
Lebanon County Prison
730 E. Walnut Street
Lebanon, PA 17042

and

KIMBERLY MAURER
Lebanon County Prison
730 E. Walnut Street
Lebanon, PA 17042

                    Defendants

ENTERED & FILED
PROTHONOTARY OFFICE
LEBANON, PA
2021 AUG 25  P 1:18

## CIVIL ACTION – COMPLAINT

AND NOW comes the plaintiff Sara L. Coon, Administratrix of the Estate of Maxwell Schollenberger, Deceased, by and through counsel, and demands of the defendants, jointly and severally, sums in excess of the mandatory arbitration amount within the meaning of the provisions of 42 Pa.C.S.A. § 7361, plus interest, costs, and damages for prejudgment delay upon the causes of action set forth in the following:

## JURISDICTION AND VENUE

1.     This Court maintains original jurisdiction over the instant claims pursuant to 42 Pa.C.S.A. § 7361 as a result of the amount in controversy exceeding mandatory arbitration amounts.

2.     Venue of this matter is properly laid in this judicial district pursuant to Pa.R.C.P. No. 1006 and Pa.R.C.P. No. 2103 as a result that individual defendants may be served, the cause of action arising, transaction or occurrence taking place, and/or defendants regularly conducting business or otherwise utilizing the market place within this judicial district.

3.     Venue of this matter is properly laid in this judicial district pursuant to Pa.R.C.P. No. 2103 as a result of a defendant political subdivision being located within this judicial district.

## PARTIES, RELATED ENTITIES, AND INTERESTED PERSONS

4.     The plaintiff incorporates by reference the paragraphs above as if set forth herein in full.

5.     Plaintiff Sara L. Coon is an adult individual residing in the state of North Carolina and the biological mother of Maxwell Schollenberger, decedent.  Plaintiff Sara L. Coon may be contacted by and through counsel, Steven F. Marino, Esquire or Joseph Auddino, Esquire of Marino Associates at 301 Wharton Street, Philadelphia, PA 19147.

6.     On June 28, 2021, petitioner Sara L. Coon was appointed to serve as the Administrator of the Estate of Maxwell Schollenberger, deceased, by the granting of Letters of Administration issued by the

Register of Wills of Lebanon County [see a copy of the Letters of Administration attached hereto and marked Exhibit 1].

7.      Defendant County of Lebanon is a county of the fifth class established pursuant to the County Code, 16 P.S. § 201, and a political subdivision of the Commonwealth of Pennsylvania authorized to exercise essential governmental functions and in effectuating such purposes operates through the Lebanon County Children and Youth Services agency.  Defendant County of Lebanon has a registered office for process of service located Municipal Building, Room 401, 400 South 8th Street, Lebanon, PA 17042-6794.  At all material times relevant hereto, defendant County of Lebanon acted by and through its duly authorized employees, agents, workers and/or representatives acting within the scope of their employment.

8.      Defendant Erin M. Moyer is an adult individual and was at all material times relevant hereto employed by defendant County of Lebanon acting under the color of state and/or local law.  At all material times relevant hereto defendant Erin M. Moyer served as the Administrator of the Lebanon County Children and Youth Services agency.  At all material times relevant hereto defendant Erin M. Moyer served as a policy maker on behalf of the defendant County of Lebanon.  These causes of action are advanced against her in her professional and individual capacity.

9.      Defendant Scott Schollenberger, Jr. is an adult individual currently incarcerated at the Lebanon County Prison located 730 E. Walnut Street, Lebanon, PA 17042 awaiting a criminal trial for the homicide in the death of twelve (12) year old Maxwell Schollenberger.   Defendant Scott Schollenberger, Jr. is the biological father of Maxwell Schollenberger, decedent.

10.      Defendant Kimberly Maurer is an adult individual currently incarcerated at the Lebanon County Prison located 730 E. Walnut Street, Lebanon, PA 17042 awaiting a criminal trial for the homicide in the death of twelve (12) year old Maxwell Schollenberger.

## THE DEATH OF TWELVE (12) YEAR OLD MAXWELL SCHOLLENBERGER

11.     The plaintiff incorporates by reference the paragraphs above as if set forth herein in full.

12.     Maxwell Schollenberger, decedent was born out of wedlock December 8, 2007, by way of the union of the plaintiff and defendant Scott Schollenberger, Jr.

13.     Pursuant to a court order entered by a Judge of the Lebanon County Court of Common Pleas - Family Division, defendant Scott Schollenberger, Jr. was awarded primary physical custody and dedicated the principal caretaker of Maxwell Schollenberger.

14.     At all relevant times material hereto Maxwell Schollenberger, decedent resided with defendant Scott Schollenberger, Jr. and defendant Kimberly Maurer in Lebanon County, PA along with six (6) other minor children.

15.     At all relevant times material hereto Maxwell Schollenberger, decedent was held captive in a locked darkened room without sufficient access to food, water, or a bathroom facility for prolonged periods of time by defendant Scott Schollenberger, Jr. and defendant Kimberly Maurer.

16.     At all relevant times material hereto Maxwell Schollenberger, decedent was subjected to physical abuse and torture by defendant Scott Schollenberger, Jr. and defendant Kimberly Maurer.

17.     At all relevant times material hereto Maxwell Schollenberger, decedent was subjected to starvation and dehydration by defendant Scott Schollenberger, Jr. and defendant Kimberly Maurer.

18.     On May 26, 2020, the lifeless body of Maxwell Schollenberger, decedent was discovered in the Lebanon County, PA residence of defendant Scott Schollenberger, Jr. and defendant Kimberly Maurer by law enforcement authorities in a locked, dark bedroom, covered in feces.

19.    The Lebanon County Medical Examiner & Coroner determined the death of twelve (12) year-old Maxwell Schollenberger, decedent was caused by blunt force head trauma, complicated by conditions of starvation and dehydration.

20.    Defendant Scott Schollenberger, Jr. and defendant Kimberly Maurer have been arrested, charged by law enforcement authorities with the homicide in the death of twelve (12) year-old Maxwell Schollenberger, and remain incarcerated as pre-trial detainees pending an upcoming criminal trial.

## THE REPORTING OF SUSPECTED CHILD ABUSE OF MAXWELL SCHOLLENBERGER TO THE LEBANON COUNTY CHILDREN AND YOUTH SERVICES AGENCY

21.    The plaintiff incorporates by reference the paragraphs above as if set forth herein in full.

22.    In the calendar years of 2010, defendant Scott Schollenberger, Jr. and defendant Kimberly Maurer resided in Robesonia, PA (Berks County) along with Maxwell Schollenberger, decedent and six (6) other minor children.

23.    In the calendar year of 2010, Ms. Lorie Schollenberger and Mr. Scott Schollenberger, Sr. resided in Robesonia, PA (Berks County).

24.    Ms. Lorie Schollenberger and Mr. Scott Schollenberger, Sr. are the parental grandparents of Maxwell Schollenberger, decedent.

25.    In the calendar year of 2010, then (3½) year-old Maxwell Schollenberger, decedent was undergoing toilet training and learning to recognize the sensation in his body signaling a need to use the commode.

26.    In the calendar year of 2010, Ms. Lorie Schollenberger made an unannounced visit to the residence of defendant Scott Schollenberger, Jr. and defendant Kimberly Maurer in Robesonia, PA (Berks County) to visit with Maxwell Schollenberger, decedent.

27.     Upon entering the residence of defendant Scott Schollenberger, Jr. and defendant Kimberly Maurer in the calendar year of 2010, Ms. Lorie Schollenberger was confronted by a menacing defendant Kimberly Maurer who held a large metal serving spoon as if it were an instrument of crime.

28.     During the aforementioned 2010 visit, defendant Kimberly Maurer conveyed to Ms. Lorie Schollenberger that she had "corrected" Maxwell Schollenberger, decedent, by striking him repeatedly on the bare legs and buttock with a metal serving spoon and condemned the child to a prolonged period of isolation as a result of the (3 ½) year-old child having defecated in his pants.

29.     On the day of the aforementioned 2010 visit, defendant Kimberly Maurer conveyed to Ms. Lorie Schollenberger, while a holding large metal serving spoon as if it were an instrument of crime, that "he is going to learn".

30.     Maxwell Schollenberger, decedent was not within sight of Ms. Lorie Schollenberger during the 2010 visit, nor would defendant Kimberly Maurer permit Ms. Lorie Schollenberger to view the child's condition.

31.     As a result of the events of the aforementioned 2010 visit, Ms. Lorie Schollenberger suspected her grandson, Maxwell Schollenberger, decedent, was being subjected to child abuse by defendant Kimberly Maurer.

32.     Upon returning to her home from the aforementioned 2010 visit, Ms. Lorie Schollenberger relayed her concern to her husband Mr. Scott Schollenberger, Sr. that their grandson, Maxwell Schollenberger, decedent, was being subjected to child abuse by defendant Kimberly Maurer.

33.     In the same 2010 evening, Ms. Lorie Schollenberger and her husband Mr. Scott Schollenberger, Sr. confronted defendant Scott Schollenberger, Jr. with the concern

that Maxwell Schollenberger, decedent, was being subjected to child abuse by defendant Kimberly Maurer.

34.     In the calendar year of 2011, Ms. Lorie Schollenberger made an unannounced visit to the residence of defendant Scott Schollenberger, Jr. and defendant Kimberly Maurer in Robesonia, PA (Berks County) to deliver items she had purchased on behalf of her grandchildren.

35.     Upon entering the residence of defendant Scott Schollenberger, Jr. and defendant Kimberly Maurer during her unannounced 2011 visit, Ms. Lorie Schollenberger observed her grandson Maxwell Schollenberger, decedent, standing alone with his face buried into a corner of the walls of the home's living room without clothes on the lower portion of his body.

36.     Ms. Lorie Schollenberger's observation of the bare legs and buttocks of her grandson Maxwell Schollenberger, decedent, during her unannounced 2011 visit revealed they were marked with abrasions, bruising, discoloration, and swelling consistent with having been struck repeatedly with a hard object or weapon.

37.     During the aforementioned unannounced 2011 visit, Ms. Lorie Schollenberger encountered a menacing defendant Kimberly Maurer standing in the kitchen of the residence holding a large metal serving spoon as if it were an instrument of crime.

38.     During the aforementioned unannounced 2011 visit, Ms. Lorie Schollenberger approached defendant Kimberly Maurer, grabbed the large metal serving spoon from the hand of defendant Kimberly Maurer, and expressed to defendant Kimberly Maurer that this would be the last time she would hurt Maxwell Schollenberger, decedent.

39.     Upon returning to her home from the 2011 unannounced visit, Ms. Lorie Schollenberger relayed to her husband, Mr. Scott Schollenberger, Sr., her witness of their grandson Maxwell Schollenberger, decedent being subjected to child abuse by defendant Kimberly

Maurer.

40.    The same evening of the 2011 unannounced visit, Ms. Lorie Schollenberger and her husband, Mr. Scott Schollenberger, Sr., came into contact with defendant Scott Schollenberger, Jr. and defendant Kimberly Maurer driving on the roadway in a vehicle occupied by their grandson Maxwell Schollenberger, decedent, and other children.

41.    Defendant Scott Schollenberger, Jr. stopped the vehicle for a brief period of time and informed Ms. Lorie Schollenberger and Mr. Scott Schollenberger, Sr. that this would be the last time they would see their grandson, Maxwell Schollenberger, decedent.

42.    Shortly thereafter, defendant Scott Schollenberger, Jr. and defendant Kimberly Maurer moved from Robesonia, PA 19551 (Berks County) along with Maxwell Schollenberger, decedent, and the six (6) other minor children without providing Ms. Lorie Schollenberger or Mr. Scott Schollenberger, Sr. with notice of their intention to move or future whereabouts.

43.    In the calendar year of 2015, Ms. Lorie Schollenberger and her husband Mr. Scott Schollenberger, Sr. received information from Ms. Megan (Demby) Schollenberger that defendant Scott Schollenberger, Jr. and defendant Kimberly Mauer resided on Chestnut Street, Lebanon, PA (Lebanon County) along with Maxwell Schollenberger, decedent, and the six (6) other minor children.

44.    Ms. Megan (Demby) Schollenberger is a divorced spouse of defendant Scott Schollenberger, Jr., and the mother of one of defendant Scott Schollenberger, Jr.'s children.

45.    In the calendar year of 2015, Ms. Megan (Demby) Schollenberger expressed concern to Ms. Lorie Schollenberger that she suspected that Maxwell Schollenberger, decedent was being held captive in a locked room for prolonged periods of time by defendant Scott Schollenberger, Jr. and defendant Kimberly Mauer.

8

46.     In the calendar year of 2015, a distraught Ms. Lorie Schollenberger contacted the Lebanon County Children and Youth Services agency by telephone to lodge a report of her concern that her grandson, Maxwell Schollenberger, decedent, was being subjected to child abuse.

47.     Ms. Lorie Schollenberger's telephone call to the Lebanon County Children and Youth Services agency lead to her speak with a Lebanon County Children and Youth Services intake worker.

48.     During Ms. Lorie Schollenberger's telephone call with the Lebanon County Children and Youth Services intake worker the communication touched upon the subject matter of the whereabouts of Maxwell Schollenberger, decedent.

49.     Immediately upon the communication touching upon the subject matter of the whereabouts of Maxwell Schollenberger, decedent, the Lebanon County Children and Youth Services intake worker interrupted Ms. Lorie Schollenberger's mid-sentence, indicated that she was without authority to confirm or deny the whereabouts of the child or whether the child had been removed from the home and terminated the call.

50.     Minutes after the Lebanon County Children and Youth Services intake worker prematurely terminated Ms. Lorie Schollenberger's telephone her telephone call, a distraught Ms. Lorie Schollenberger, again, telephoned the Lebanon County Children and Youth Services agency by telephone to report suspected child abuse.

51.     Ms. Lorie Schollenberger's second telephone call to the Lebanon County Children and Youth Services agency, again, lead to her speak with a Lebanon County Children and Youth Services intake worker.

52.     During Ms. Lorie Schollenberger's second telephone call with the Lebanon

9

County Children and Youth Services intake worker the communication again touched upon the subject matter of the whereabouts of Maxwell Schollenberger, decedent.

53.    Immediately upon the second communication touching upon the subject matter of the whereabouts of Maxwell Schollenberger, decedent, the Lebanon County Children and Youth Services intake worker interrupted Ms. Lorie Schollenberger's mid-sentence, indicated that she was without authority to confirm or deny the whereabouts of the child or whether the child had been removed from the home and terminated the call.

54.    The day following her two previous phone calls to the Lebanon County Children and Youth Services agency, a distraught Ms. Lorie Schollenberger again contacted the Lebanon County Children and Youth Services agency by telephone, spoke to a Lebanon County Children and Youth Services agency female intake worker, plead with the employee not to terminate the call, lodged a report that she suspected her grandson, Maxwell Schollenberger, decedent, was a victim of child abuse, and provided the employee with her contact information.

55.    Ms. Lorie Schollenberger received no information or instruction from the Lebanon County Children and Youth Services agency during the phone calls when she lodged a direct report of child abuse.

56.    Ms. Lorie Schollenberger received no information or instruction from the Lebanon County Children and Youth Services agency after she lodged the telephone calls to the Lebanon County Children and Youth Services agency that she suspected her grandson, Maxwell Schollenberger, decedent, was a victim of child abuse.

57.    Ms. Lorie Schollenberger received no contact from the Lebanon County Children and Youth Services agency after she lodged the telephone calls to Lebanon County

Children and Youth Services agency that she suspected her grandson, Maxwell Schollenberger, decedent, was a victim of child abuse.

58.     Upon receipt of the direct reports of suspected child abuse of Maxwell Schollenberger, decedent by Ms. Lorie Schollenberger, the Lebanon County Children and Youth Services did not ensure the safety of the child or the children in the home.

59.     Upon receipt of the direct reports of suspected child abuse of Maxwell Schollenberger, decedent by Ms. Lorie Schollenberger, the Lebanon County Children and Youth Services did not immediately commence an investigation of the suspected child abuse.

60.     Upon receipt of the direct reports of suspected child abuse of Maxwell Schollenberger, decedent by Ms. Lorie Schollenberger, the Lebanon County Children and Youth Services did not make a home visit to see if Maxwell Schollenberger, decedent was suspected to be at risk.

61.     On or about May 26, 2020, Ms. Megan (Demby) Schellenberger notified Ms. Lorie Schollenberger through a text message that Maxwell Schollenberger, decedent was discovered dead in the residence of defendant Scott Schollenberger, Jr. and defendant Kimberly Maurer located in Annville, PA (Lebanon County).

### THE HISTORY OF DEFENDANT COUNTY OF LEBANON'S FAILURE TO PROVIDE A REASONED RESPONSE TO REPORTS OF SUSPECTED CHILD ABUSE THROUGH THE INSTRUMENTALITY OF ITS AGENCY LEBANON COUNTY CHILDREN AND YOUTH SERVICES

62.     The plaintiff incorporates by reference the paragraphs above as if set forth herein in full.

63.     Pursuant to the provisions of 55 Pa. Code § 3490.232 [relating to Receiving Reports and Assessing the Need for Services] the Lebanon County Children and Youth Services agency is the sole civil agency responsible for receiving and assessing all reports alleging a need for general protective services for children-at-risk in Lebanon County.

64.     At all relevant times material hereto pursuant to the provisions of The Pennsylvania Child Protective Services Law, 23 Pa.C.S.A. § 6373 [relating to General Protective Services Responsibilities of County Agency] Lebanon County Children and Youth Services agency was responsible for administering a program of general protective services to children and youth that is consistent with the objectives of, among others, preventing abuse, neglect and exploitation of children.

65.     At all relevant times material hereto pursuant to the provisions of The Pennsylvania Child Protective Services Law, 23 Pa.C.S.A. § 6361, et sec. [relating to Responsibilities of Child Protective Services] the Lebanon County Children and Youth Services agency's response, to direct reports of suspected child abuse from an individual, to ensure the safety of the child-at-risk was mandatory.

**No Reasoned Response Undertaken by The Lebanon County Children and Youth Services to
Reports Of Suspected Child Abuse of A 4-Month-Old Male Child In 2016**

66.     On January 12, 2016, a 4-month-old male child died as a result of serious physical abuse and neglect.

67.     On the day of the child's passing, the 4-month-old male child's biologic father was the sole caretaker for both the child and his siblings while the mother was at work from 3:00 pm until 9:30 pm.

68.     On January 12, 2016, emergency medical personnel were dispatched to the child's home after the parents contacted 911 with concerns that the child was unresponsive.

69.     On January 12, 2016, the 4-month-old male child was pronounced dead at the scene and transported to Penn State Health Milton S. Hershey Medical Center.

70.     Medical providers of Penn State Health Milton S. Hershey Medical Center documented the body of the 4-month-old male child presented left side rib fractures that were believed to be six to eight weeks old, a possible acute right side rib fracture and a compression fracture on the left side from severe trauma with no time frame established for when these injuries would have occurred.

71.     Medical providers of Penn State Health Milton S. Hershey Medical Center documented the parents of the 4-month-old male child did not provide any explanation for the child's injuries.

72.     Medical providers of Penn State Health Milton S. Hershey Medical Center indicated the 4-month-old male child died from asphyxiation.

73.     The family was previously known to Lebanon County Children and Youth Services between April 2013 and November 2015.

74.     During the time period between April 2013 and November 2015, Lebanon County Children and Youth Services received four (4) reports of suspected child abuse and concerns inclusive of: (1) inappropriate discipline being used on the children; (2) the child's half-sibling was being physically abused; and (3) domestic violence in the home.

75.     None of the prior reports of suspected child abuse and concerns were substantiated by Lebanon County Children and Youth Services and all of the referrals were closed out without services being provided or recommended to the family.

76.     As a result of the Lebanon County Children and Youth Services having failed to provide a reasoned response to suspected child abuse, the 4-month-old male child was caused to suffer unnecessary and preventable abuse and death on January 12, 2016.

**No Reasoned Response Undertaken by The Lebanon County Children and Youth Services to Reports of Suspected Child Abuse of A 10-Month-Old Female Child In 2017**

77.     On July 14, 2017, a 10-month-old female child nearly died as a result of serious physical abuse and neglect.

78.     The family of the 10-month-old female child was known to Lebanon County Children and Youth Services prior to July 14, 2017, and a case worker assigned to provide protective services to the family.

79.     In or about December 2016, a child protective services report was received resulting in both of the victim child's parents being indicated for creating a reasonable likelihood of bodily injury.

80.     In or about February 2017, the case was accepted for services by the Lebanon County Children and Youth Services due to the 10-month-old female child's mother's instability and actions.

81.     In March 2017, the 10-month-old female child was informally placed in the custody of the maternal grandparents by the Lebanon County Children and Youth Services.

82.     In or about March 2017, two separate child protective services reports were lodged and received by the Lebanon County Children and Youth Services with concerns for safety of the child and lack of parental supervision.

83.     None of the March 2017, aforementioned reports conveying concerns for safety and lack of supervision of the children were substantiated by Lebanon County Children and Youth Services.

84.     Lebanon County Children and Youth Services determined the two reports conveying concerns for safety and lack of supervision of the children received in March 2017 unfounded.

85.     On July 14, 2017, the maternal grandparents of the 10-month-old female child were the sole caretakers for the child.

86.     On July 14, 2017, the 10-month-old female child's maternal uncle, who was under the age of 18, also lived in the home of the maternal grandparents.

87.     On July 14, 2017, the 10-month-old female child's maternal grandmother contacted the victim child's Lebanon County Children and Youth Services' caseworker to inform the caseworker that she was taking the child to the emergency room due to the child having difficulty breathing.

88.     On July 14, 2017, emergency medical personnel were dispatched to the 10-month-old female child's home and the child was transported to a local hospital by ambulance.

89.     Medical providers documented the 10-month-old female child presented a moderate

sized left pneumothorax, liver lacerations, spleen lacerations, a right adrenal hematoma, patchy areas of hypoattenuation in her right kidney (suspicious for solid organ injury), and moderate volume complex hemorrhagic ascites.

90.    Medical providers documented the 10-month-old female child presented three large subdural brain hemorrhages, bilateral retinal hemorrhaging, bruises to the face and head, and an injury to the cervical area of the spine.

91.    Medical providers documented that all of injuries suffered the 10-month-old female child were believed to be due to nonaccidental trauma.

92.    Medical providers documented the maternal grandmother noted that the victim child had been lethargic for several days prior to being taken to the hospital.

93.    A post-injury investigation revealed the maternal grandmother had left the child in the care of child's minor maternal uncle on July 14, 2017.

94.    A post-injury investigation revealed an admission of the 10-month-old female child's minor maternal uncle that on July 14, 2017, he vigorously shook and squeezed the child to make her stop crying.

95.    A post-injury investigation revealed the maternal grandmother was aware the 10-month-old female child's minor maternal uncle had anger issues, but continued to assign minor maternal uncle the duty to babysit the child daily.

96.    As a result of the Lebanon County Children and Youth Services having failed to provide a reasoned response and sufficient services to the multiple reports conveying concerns for safety and lack of supervision of the children the 10-month-old female child was caused to suffer unnecessary preventable abuse and near-death injuries on July 14, 2017.

**No Reasoned Response Undertaken by The Lebanon County Children and Youth Services to The Reports of Suspected Child Abuse of A 1-Month-Old Male Child In 2018**

97.     On May 20, 2018, a 1-month-old male child died as a result of serious physical abuse and neglect.

98.     On the day of the child's passing, the 1-month-old male child's biologic father was the caretaker of the child.

99.     On May 20, 2018, upon report the child was discovered face down dead in his crib.

100.    Medical examiners determined the child died by asphyxiation.

101.    The family of the 1-month-old male child was previously known to Lebanon County Children and Youth Services.

102.    The family of the 1-month-old male child was previously known to Lebanon County Children and Youth Services prior to May 20, 2018, and a case worker assigned to provide protective services to the family.

103.    In or about January 2018, Lebanon County Children and Youth Services received a general protective services referral alleging concerns for inadequate food, clothing, and hygiene.

104.    Lebanon County Children and Youth Services determined the January 2018, reports conveying concerns for inadequate food, clothing, and hygiene founded.

105.    Services were provided to the family by the Lebanon County Children and Youth Services as a result of the January 2018, referral.

106.    As a result of the Lebanon County Children and Youth Services having failed to provide a reasoned response and sufficient services in response to the January 2018 general protective services referral alleging concerns for inadequate food, clothing, and hygiene the 1-month-old male child was caused to suffer unnecessary preventable abuse and death May 20, 2018.

16

**No Reasoned Response Undertaken by The Lebanon County Children and Youth Services to The**
**Reports of Suspected Child Abuse of A 1-Month Old Female Child In 2019**

107.     On June 16, 2019, a 1-month-old female child died as a result of physical abuse.

108.     On June 16, 2019, the day of the 1-month-old female child's passing, the child's biologic father was the caretaker of the child.

109.     On June 16, 2019, emergency medical personnel were dispatched to the child's home upon report the 1-month-old female child was discovered face down in her crib and unresponsive and the child was transported to a local hospital by ambulance.

110.     The medical providers' attempts to resuscitate the 1-month-old female child were unsuccessful and the child was pronounced dead.

111.     The family of the 1-month-old female child was previously known to child welfare.

112.     The family of the 1-month-old female child was previously known to Lebanon County Children and Youth Services prior to June 16, 2019, and a case worker assigned to provide protective services to the family.

113.     In or about October 2018, Lebanon County Children and Youth Services received a general protective services referral conveying concerns of parents causing bodily injury.

114.     The October 2018, report of suspected child abuse was determined founded, but services were already being provided by Lebanon County Children and Youth Services at the time the October 2018 referral was received.

115.     In or about May 2019, Lebanon County Children and Youth Services received a general protective services referral alleging parenting concerns.

116.     The May 2019, report of suspected child abuse or neglect was determined founded but services were already being provided by Lebanon County Children and Youth Services at the time the May 2019, referral was received.

117.    As a result of the Lebanon County Children and Youth Services having failed to provide a reasoned response and sufficient services to the multiple reports of suspected child abuse and neglect the 1-month-old female child was caused to suffer unnecessary preventable abuse and death on June 16, 2019.

**No Reasoned Response Undertaken by The Lebanon County Children and Youth Services
To The Direct Reports of Suspected Child Abuse of the Duncan Children Made By
Concerned Neighbors In 2019**

118.    In or about the calendar year 2019, Mr. Robert Duncan and Ms. Stephanie Duncan resided on Cedar Run Road, Lebanon, PA 17046 (Lebanon County) along with their five (5) adopted minor children.

119.    The home in which the Duncan family resided on Cedar Run Road, Lebanon, PA 17046 (Lebanon County) was reported to have a living space equal to 912 square feet.

120.    In or about the calendar year 2019, neighbors of the Duncan family witnessed Ms. Stephanie Duncan abuse her adoptive children by condemning them to prolonged periods of exposure to the extreme cold of outside temperatures and the dangers of hypothermia without proper clothing.

121.    In or about the calendar year 2019, neighbors of the Duncan family witnessed Ms. Stephanie Duncan abuse her adoptive children by condemning them to prolonged periods of exposure to extreme heat of outside temperatures, sun, and the dangers of dehydration and heat stroke without proper clothing.

122.    In or about the calendar year 2019, neighbors of the Duncan family witnessed Ms. Stephanie Duncan abuse her adoptive children by intentionally locking a child out of the house, alone, and refusing to allow the child to enter the home for hours on end, all the while as the child cried hysterically and repeatedly begged to be let into the security of the home.

123.    In or about the calendar year 2019, neighbors of the Duncan family witnessed Ms. Stephanie Duncan and Mr. Robert Duncan abuse the children with demeaning, vulgar, and threatening language and behavior directed toward the children.

124.    In or about the calendar year 2019, neighbors of the Duncan family believed Ms. Stephanie Duncan and Mr. Robert Duncan were not capable of or otherwise failed to parent the children sufficient to provide for the necessary care, protection, safety and wholesome mental and physical development of the children.

125.    In or about the calendar year 2019, multiple neighbors of the Duncan family reported suspected child abuse of the Duncan children to the Lebanon County Children and Youth Services.

126.    Despite the repeated and reliable reports of suspected child abuse of the Duncan children having been made to the Lebanon County Children and Youth Services by neighbors of the Duncan family, no reasoned response to the reports was provided by the Lebanon County Children and Youth Services.

127.    Upon receipt of the direct reports of suspected child abuse made by neighbors of the Duncan family, the Lebanon County Children and Youth Services responded by stating to the reporter that *"if they're not in danger there ain't nothing you can do about it".*

128.    Upon receipt of the direct reports of suspected child abuse of the Duncan children the Lebanon County Children and Youth Services did not ensure the safety of the child or children in the home suspected to be at risk.

129.    Upon receipt of the direct reports of suspected child abuse of the Duncan children the Lebanon County Children and Youth Services did not immediately commence an investigation of the suspected child abuse.

130.    Upon receipt of the direct reports of suspected child abuse of the Duncan children the Lebanon County Children and Youth Services did not make a home visit to see the child or children suspected to be at risk.

131.    On January 13, 2021, some two (2) years after the reliable reporting of child abuse of the Duncan children, Mr. Robert Duncan and Ms. Stephanie Duncan's adopted 11-year-old son was rushed to Penn State Health Milton S. Hershey Medical Center requiring immediate medical care after being unresponsive.

132.    Medical providers of Penn State Health Milton S. Hershey Medical Center diagnosed the 11-year-old male child as suffering from severe dehydration, hypothermia, and contusions on his neck, shoulders, back, abdomen, hip, and genitals.

133.    Medical providers of Penn State Health Milton S. Hershey Medical Center determined the condition of severe dehydration suffered by the 11-year-old male child was not accidental and was caused by intentional deprivation of fluids.

134.    Medical providers of Penn State Health Milton S. Hershey Medical Center determined the condition of hypothermia suffered by the 11-year-old male child was not accidental and caused by an intentional prolonged exposure to the extreme cold.

135.    Medical providers of Penn State Health Milton S. Hershey Medical Center determined the multiple contusions presenting on the 11-year-old male child's body were a direct result of trauma.

136.    A child abuse investigation arose as a result of the 11-year-old male child's January 13, 2021, hospitalization which revealed:

(a)    Prior to the 11-year-old victim's hospitalization, the child was held captive isolated in a locked bedroom and deprived of water for days;

(b)     The 11-year-old victim room in which the child was held captive was locked with a hook and eye lock to prevent the child from being freed;

(c)     Robert Duncan choked the 11-year-old victim to the point where the child fell over and gasped for airs multiple times upon the basis of Robert Duncan discovering that the 11-year-old child was "stealing" water from the sink;

(d)     The 11-year-old victim was rarely allowed to exit the locked bedroom where he was held captive to use the bathroom and was forced to relieve himself in the bedroom;

(e)     The 11-year-old victim was forced to wear a diaper;

(f)     The 11-year-old victim was forced to clean up his body fluids and fecal matter up with the use of bleach;

(g)     If the 11-year-old victim complained about the bleach, the bleach was poured onto the child's head;

(h)     The 11-year-old victim was forced to run in place;

(i)     Authorities discovered that a bed located in children's room had been staged, and in actuality the children had been forced to sleep on the floor;

(j)     Cameras were installed in all of their children's bedrooms to permit constant unreasonable invasive monitoring of their behaviors;

(k)     The children were punished, if they slept inappropriately;

(l)     The children were administered physical beatings by the adoptive parents;

(m)     The children were required to watch the adoptive parents physically attack one of the siblings in front of another.

137.    As a result of the Lebanon County Children and Youth Services having failed to provide a reasoned response to the direct reports of suspected child abuse, the Duncan children were caused to suffer unnecessary and preventable abuse and loss in 2019.

**No Reasoned Response Undertaken by The Lebanon County Children and Youth Services to The Direct Reports of Suspected Child Abuse Made by A Grandmother Ms. Rosetta Bertoldo In 2019**

138.    In or about the calendar year 2019, the minor grandchildren of Ms. Rosetta Bertoldo resided in Lebanon County in the home of their single-parent and primary custodial mother.

139.    In or about the calendar year 2019, Ms. Rosetta Bertoldo had knowledge and information that caused her to reasonably believe that the single-parent mother of her grandchildren was suffering from drug addiction and was permitting illicit drug activity to occur in the residence.

140.    In or about the calendar year 2019, Ms. Rosetta Bertoldo had knowledge and information that caused her to reasonably believe that the single-parent mother of her grandchildren was not incapable of or otherwise failed to parent her grandchildren sufficient to provide for their necessary care, protection, safety and wholesome mental and physical development.

141.    In or about the calendar year 2019, concerned for the health and welfare of her grandchildren, Ms. Rosetta Bertoldo reported suspected child abuse of her grandchildren to the Lebanon County Children and Youth Services on 10 to 15 occasions.

142.    On or about 2019, as a direct response to the abusive living environment, one of Ms. Rosetta Bertoldo grandchildren attempted to take her own life by suicide.

143.    Despite the repeated and reliable reports of suspected child abuse made to the Lebanon County Children and Youth Services by Ms. Rosetta Bertoldo, no reasoned response to the reports was provided by the Lebanon County Children and Youth Services.

144.    Upon receipt of the direct reports of suspected child abuse of the grandchildren of Ms. Rosetta Bertoldo, the Lebanon County Children and Youth Services did not ensure the safety of the child or children in the home suspected to be at risk.

145.    Upon receipt of the direct reports of suspected child abuse of the grandchildren of Ms. Rosetta Bertoldo, the Lebanon County Children and Youth Services did not immediately commence an investigation of the suspected child abuse.

146.    Upon receipt of the direct reports of suspected child abuse of the grandchildren of Ms. Rosetta Bertoldo, the Lebanon County Children and Youth Services did not make a home visit to see the child or children suspected to be at risk.

147.    As a result of the Lebanon County Children and Youth Services having failed to provide a reasoned response to the direct reports of suspected child abuse, the grandchildren of Ms. Rosetta Bertoldo were caused to suffer unnecessary and preventable abuse and loss in 2019.

## THE PROTECTIBLE PROPERTY INTEREST OF MAXWELL SCHOLLENBERGER TO BE SAFEGUARDED FROM CHILD ABUSE OR NEGLECT

148.    Plaintiff incorporates by reference the previous paragraphs of the Complaint as if set forth fully hereto.

149.    The provisions of The Pennsylvania Child Protective Services Law, 23 Pa.C.S.A. § 6368 [relating to Responsibilities of Child Protective Services] demonstrate a clear indication of legislative intent to remove any discretionary authority a protective services agency, such as such as the Lebanon County Children and Youth Services agency, may have had in connection with taking action sufficient to ensure the safety of a

child-at-risk of abuse and neglect upon its receipt of direct reports of suspected child abuse from an individual.

150.    The provisions of The Pennsylvania Child Protective Services Law, 23 Pa.C.S.A. §6368 [relating to Responsibilities of Child Protective Services] demonstrate a clear indication of legislative intent that upon receipt of direct report of suspected child abuse by perpetrator from an individual to a protective services county agency responsible for receiving and assessing all reports alleging a need for general protective services, the protective services county agency is under a mandatory obligation to ensure the safety of the at-risk-child.

151.    At all relevant times material hereto, pursuant to the provisions of The Pennsylvania Child Protective Services Law, 23 Pa.C.S.A. § 6368 [relating to Responsibilities of Child Protective Services] the direct report of suspected child abuse of Maxwell Schollenberger by a perpetrator made by Ms. Lorie Schollenberger to the Lebanon County Children and Youth Services agency conferred a protectible property interest in Maxwell Schollenberger to a reasoned agency response to ensure his safety.

152.    At all relevant times material hereto upon the direct reporting of suspected child abuse of Maxwell Schollenberger by Ms. Lorie Schollenberger to the Lebanon County Children and Youth Services agency, the provisions of 23 Pa.C.S.A. § 6368 [relating to Responsibilities of Child Protective Services] conferred a protectible property interest of Maxwell Schollenberger to be safeguarded by the defendant County of Lebanon from child abuse or neglect.

153.    At all relevant times material hereto the provisions of The Juvenile Act 42 Pa.C.S. § 6301, et seq., conferred upon Maxwell Schollenberger a clear right to be removed from the family setting and parental custody of defendant Scott Schollenberger, Jr. and control of defendant Kimberly Maurer to protect his welfare, safety and health.

## SURVIVORS OF DECEDENT MAXWELL SCHOLLENBERGER

154.    Plaintiff incorporates by reference the previous paragraphs of the Complaint as if set forth fully hereto.

155.    Decedent Maxwell Schollenberger has left surviving him the following persons:

(a)    Ms. Sara Coon, parent, biologic mother and Administrator of the Estate of Maxwell Schollenberger, deceased;

(b)    Ms. Scott Schollenberger, Jr., parent, biologic father;

(c)    Ms. Lorie Schollenberger, paternal step-grandmother;

(d)    Mr. Scott Schollenberger, Sr. paternal grandfather;

(e)    Alexa Krause, half-sibling;

(f)    Cameron Schollenberger half-sibling.

156.    There has been no action brought by the plaintiff's decedent during his lifetime upon the allegations set forth within the body of this Complaint.

## FIRST CAUSES OF ACTION - WRONGFUL DEATH

### COUNT I
### VIOLATIONS OF CIVIL RIGHTS – 42 U.S.C.A. §1983
### PROCEDURAL DUE PROCESS – FOURTEENTH AMENDMENT
### MUNICIPAL LIABILITY
### (Sara Coon, Administratrix of the Estate of Maxwell Schollenberger v County of Lebanon)

157.    The plaintiff incorporates by reference the paragraphs above as if set forth herein in full.

158.    Plaintiff, as Administrator of the Estate of Maxwell Schollenberger, deceased, brings the instant action, and those to follow, on behalf of the aforementioned statutory beneficiaries pursuant to and by virtue of the Pennsylvania Wrongful Death Act, 42 Pa.C.S.A. § 8301, to recover all damages recoverable under the Pennsylvania Wrongful Death Act.

159.    At all material times relevant hereto defendant County of Lebanon was person within the

meaning of 42 U.S.C.A. § 1983.

160.    At all material times relevant to the subject matter described in this Complaint defendant County of Lebanon acted under the color of state law.

161.    At all relevant times material hereto, pursuant to the provisions of 55 Pa. Code § 3490.232 [relating to Receiving Reports and Assessing the Need for Services] the defendant County of Lebanon, through the instrumentality of its agency Lebanon County Children and Youth Services, was the sole civil agency responsible for receiving and assessing all reports alleging a need for general protective services.

162.    At all relevant times material hereto, pursuant to the provisions of The Pennsylvania Child Protective Services Law, 23 Pa.C.S.A. § 6368 [relating to Responsibilities of Child Protective Services] the defendant County of Lebanon possessed the statutory authority to administer child protective services to ensure the welfare of children residing within the County of Lebanon who were reported as at-risk of being subjected to child abuse or neglect.

163.    At all relevant times material hereto, the defendant County of Lebanon possessed the capability to ensure the welfare of children residing within the County of Lebanon who were reported at-risk of being subjected to child abuse or neglect.

164.    At all relevant times material hereto, pursuant to the provisions of The Pennsylvania Child Protective Services Law, 23 Pa.C.S.A. § 6368 [relating to Responsibilities of Child Protective Services] upon the direct reporting of suspected child abuse of Maxwell Schollenberger by Ms. Lorie Schollenberger defendant County of Lebanon owed a statutorily mandated duty to ensure the safety of and to protect Maxwell Schollenberger from child abuse or neglect.

165.    At all relevant times material hereto, defendant County of Lebanon was responsible for safeguarding Maxwell Schollenberger's property right of personal security to be protected from child abuse and neglect.

166.    At all relevant times material hereto, defendant County of Lebanon knew or reasonably should have known that Maxwell Schollenberger, decedent, was unable to physically protect himself from child abuse and neglect.

167.    At all relevant times material hereto, defendant County of Lebanon knew or reasonably should have known that it was foreseeable and almost certain that Maxwell Schollenberger, decedent, would suffer injury, harm, or death if it did not provide a reasoned response to the reporting of suspected child abuse and ensure the child's safety.

**Unconstitutional Policy, Practice, Or Custom of Defendant County of Lebanon Failing to Respond to Reports of Suspected Child Abuse and Neglect Sufficient to Protect Children-At-Risk**

168.    At all relevant times material hereto, defendant County of Lebanon, by and through its final policy makers, inclusive of Ms. Erin M. Moyer, had in force and effect at an unconstitutional policy, practice, or custom relating to actions to be taken by Lebanon County Children and Youth Services in response to reports of suspected child abuse and neglect.

169.    Defendant County of Lebanon final policy makers developed and maintained policies, customs, or practices exhibiting deliberate indifference to the property right of personal security to be protected from child abuse and neglect and procedural due process constitutional rights of persons such as plaintiff's decedent Maxwell Schollenberger which caused plaintiff's decedent Maxwell Schollenberger to suffer a violation of rights, injury and loss.

170.    At all relevant times material hereto, upon receiving reliable direct or referred reports of suspected child abuse by a perpetrator, it was the policy, custom, or practice of the defendant the County of Lebanon, acting through the instrumentality of its agency Lebanon County Children and Youth Services, to inadequately and untimely respond to the reports sufficient to ensure the safety of at-risk-children.

171.    With a deliberate indifference to the constitutional rights of the plaintiff's decedent

Maxwell Schollenberger, the defendant County of Lebanon, acting through the instrumentality of its agency, Lebanon County Children and Youth Services, upon receiving reliable direct or referred reports of suspected child abuse by a perpetrator, operated under a policy, or practice and custom in the following respects:

        (a)     Failing to take appropriate action to ensure the safety of the children and any other child residing in the suspect home;

        (b)     Failing to implement standards of operation which required a response to the report of suspected child abuse;

        (c)     Failing to implement standards of operation which required the undertaking of a reasoned investigation of a report of suspected child abuse;

        (d)     Failing to implement standards of operation which included clear, unambiguous, and objective mandatory responses to a report of suspected child abuse;

        (e)     Implementing standards of operation which permitted the exercise of arbitrary, capricious, and inconsistent discretion in response to a report of suspected child abuse;

        (f)     Failing to implement standards of operation sufficient to ensure for the care, protection, safety and wholesome mental and physical development of at-risk-children;

        (g)     Failing to implement standards of operation sufficient to monitor the welfare of at-risk-children to ensure for their care, protection, safety and wholesome mental and physical development;

        (h)     Failing to implement standards of operation sufficient to provide home visits of at-risk-children to ensure for their care, protection, safety and wholesome mental and physical development;

        (i)     Failing to implement standards of operation sufficient to provide social services to families of identified at-risk-children sufficient to ensure for the care, protection, safety and wholesome mental and physical development of the children.

**Defendant County of Lebanon's Failure to Train Employees to Respond to Reports of Suspected Child Abuse and Neglect Sufficient to Protect Children-At-Risk**

172.    At all relevant times material hereto, defendant County of Lebanon, by and through its final policy makers, inclusive of Ms. Erin M. Moyer, it was the policy, custom, or practice of the defendant County of Lebanon, acting through the instrumentality of its agency Lebanon County Children and Youth Services, to inadequately and improperly train its employees to recognize and effectively respond to direct and referred reports of suspected child abuse and neglect.

173.    Final policymakers for the defendant County of Lebanon had actual or constructive notice of the existence of a pattern of untrained employees failing to take action sufficient to ensure the safety of children-at-risk upon receipt of direct or referred reports of suspected child abuse or neglect.

174.    Despite final policymakers for the defendant County of Lebanon's actual or constructive notice of the unconstitutional practice of employees failing to take action sufficient to ensure the safety of children-at-risk upon receipt of direct or referred reports of suspected child abuse or neglect, defendant County of Lebanon repeatedly failed to take appropriate action to effectively train its employees to sufficiently respond to reports of suspected child abuse or neglect.

175.    With a deliberate indifference to the constitutional rights of the plaintiff's decedent Maxwell Schollenberger the defendant County of Lebanon, acting through the instrumentality of its agency Lebanon County Children and Youth Services, operated without implementing a training curriculum to educate and prepare Lebanon County Children and Youth Services employees to effectively respond to reports of suspected child abuse or neglect in the following respects:

(a)    Failing to train employees that response to reports of suspected child abuse or neglect is mandatory and not discretionary;

(b)    Failing to provide training to employees sufficient to equip the employees to effectively manage the emotions of an individual who provides a direct report of child abuse;

(c)      Failing to provide training to employees sufficient to equip the employees to collect the sufficient facts of concerned behavior from an individual reporter who provides a direct report of child abuse;

(d)      Failing to provide training to employees sufficient to equip the employees to effectively respond to an uninformed and distraught individual reporter of suspected child abuse;

(e)      Failing to provide training sufficient to educate upon the different types of child abuse and neglect;

(f)      Failing to provide training to employees sufficient to equip the employees to recognize signs of child abuse and neglect;

(g)      Failing to provide training to employees sufficient to equip the employees to detect child abuse and neglect;

(h)      Failing to provide training sufficient to educate upon the appropriate response to reports of suspected child abuse;

(i)      Failing to provide training to employees sufficient to equip the employees to decide upon the appropriate response to reports of suspected child abuse sufficient to ensure the safety of at-risk-children;

(j)      Failing to provide training sufficient to educate upon the appropriate response to prevent child abuse;

(k)      Failing to provide training sufficient to educate upon aN objective procedure to be followed in response to reports of suspected child abuse.

176.   Final policymakers for the defendant County of Lebanon knew or reasonably should have known that a failure to train and prepare employees to effectively respond to reports of suspected child abuse sufficient to ensure the safety of the child-at-risk would result in a likelihood of employees making wrong and

improper decisions and exposing vulnerable children to an increased risk of danger.

**Defendant County of Lebanon's Acquiescence in Unconstitutional Practices**

177.    At all relevant times material hereto, defendant County of Lebanon, by and through its final policy makers, inclusive of Ms. Erin M. Moyer, acquiesced to the unconstitutional practice of employees failing to respond to direct and referred reports of suspected child abuse and neglect sufficient to ensure the safety of children-at-risk.

178.    With a deliberate indifference to the constitutional rights of the plaintiff's decedent Maxwell Schollenberger the defendant County of Lebanon, acting through the instrumentality of its agency Lebanon County Children and Youth Services, upon receiving reliable direct or referred reports of suspected child abuse by a perpetrator operated under a policy, or practice and custom of acquiescing to the misconduct of employees' failure to respond to reports of suspected child abuse sufficient to ensure the safety of the at-risk-child in the following respects:

(a)    Ignored, systemic patterns of employee misconduct who failed to sufficiently respond to reports of suspected child abuse;

(b)    Failed to properly sanction or discipline employees who failed to sufficiently respond to reports of suspected child abuse;

(c)    Failed to properly sanction or discipline employees who concealed their inappropriate and insufficient response to reports of suspected child abuse;

(d)    Created an environment which employees would reasonably believe that their actions would not be properly monitored by supervisors and that misconduct would not be investigated or sanctioned, but would be tolerated.

31

**Defendant County of Lebanon's Inadequate Supervision and Discipline of Employees
Who Failed to Respond to Reports of Suspected Child Abuse and Neglect Sufficient
to Protect Children-At-Risk**

179.    At all relevant times material hereto, defendant County of Lebanon, by and through its final

policy makers, inclusive of Ms. Erin M. Moyer, acting through the instrumentality of its agency Lebanon

County Children and Youth Services, operated under a policy, practice or custom of failing to supervise and

discipline employees who did not respond to reports of suspected child abuse sufficient to ensure the safety of

children-at-risk.

180.    With a deliberate indifference to the constitutional rights of the plaintiff's decedent

Maxwell Schollenberger, it has been the policy, custom, or practice of the defendant County of Lebanon,

acting through the instrumentality of its agency Lebanon County Children and Youth Services, to inadequately

supervise, discipline or sanction employees who failed to respond to reports of suspected child abuse and

neglect sufficient to protect children-at-risk in the following respects:

(a)     Failing to implement standards of operation to provide for the effective onsite

supervision of employees to ensure that the employees on duty were competently responding to reports of

suspected child abuse sufficient to ensure the safety of at-risk-children;

(b)     Failing to implement standards of operation sufficient to permit oversight of a

subordinate's response to reports of suspected child abuse;

(c)     Failing to implement standards of operation sufficient to monitor a subordinate's

response to reports of suspected child abuse;

(d)     Failing to effectively review a subordinate's response to reports of suspected child

abuse;

(e)     Failing to take appropriate disciplinary or other corrective action with respect to

employees whom did not sufficiently respond to reports of suspected child abuse;

(f)     Failing to implement standards of operation which timely addressed an employee's failure to respond to reports of suspected child abuse;

(g)     Failing to implement standards of operation which provided for consistent, rational, and meaningful discipline of employees who failed to respond to reports of suspected child abuse;

(h)     Failing to implement standards of operation which ensured that employees who failed to perform duties were sufficiently discipline to deter future similar misconduct;

(i)     Created an environment which employees would reasonably believe that their actions would not be properly monitored by supervisors and that misconduct would not be investigated or sanctioned, but would be tolerated.

181.    Policy-makers of the defendant County of Lebanon responsible for establishing a final policy with respect to safeguarding the property rights of children-at-risk to personal security and to be protected from child abuse and neglect exercised a deliberate choice to follow a course of action, from among various alternatives, which caused plaintiff's decedent Maxwell Schollenberger to suffer a deprivation of the right not to be deprived of property without procedural due process protected by the Fourteenth Amendment of the United States Constitution.

182.    As a direct and proximate result of the defendant County of Lebanon's aforementioned customs, practices, or policies plaintiff's decedent Maxwell Schollenberger was caused to suffer a deprivation of the right to procedural due process protected by the Fourteenth Amendment of the United States Constitution.

183.    The aforementioned customs, practices, or policies under which the defendant County of Lebanon operated and/or operates was the fairly direct cause of the death of plaintiff's decedent Maxwell Schollenberger indicated by blunt force head trauma, complicated by conditions of starvation and dehydration.

184.    As a direct and proximate result of the defendant County of Lebanon's aforementioned

customs, practices, or policies plaintiff's decedent Maxwell Schollenberger was caused to suffer death indicated by blunt force head trauma, complicated by conditions of starvation and dehydration.

185.    As a direct and proximate result of the defendant County of Lebanon's aforementioned customs, practices, or policies the plaintiff and statutory beneficiaries were caused to incur funeral, burial, and estate administration expenses associated with the death of the decedent.

186.    As a direct and proximate result of the defendant County of Lebanon's aforementioned customs, practices, or policies the plaintiff and statutory beneficiaries were caused to suffer the loss of any contribution she and the remaining family of the decedent would have received from the decedent but for his death, including amounts of money for such items as shelter, food, clothing, medical care, education, entertainment, gifts and recreation.

187.    As a direct and proximate result of the defendant County of Lebanon's aforementioned customs, practices, or policies the plaintiff and statutory beneficiaries were caused to suffer the loss of the monetary value of all sums that the decedent would have contributed to the support of his family during his reasonable life expectancy.

188.    As a direct and proximate result of the defendant County of Lebanon's aforementioned customs, practices, or policies the plaintiff and statutory beneficiaries were caused to suffer the loss of the monetary value of the companionship, comfort, society, guidance, solace and protection that the decedent would have given to his family during his reasonable life expectancy.

189.    As a direct and proximate result of the defendant County of Lebanon's aforementioned customs, practices, or policies the plaintiff and statutory beneficiaries were caused to suffer grief damages

190.    As a direct and proximate result of the defendant County of Lebanon's aforementioned customs, practices, or policies the plaintiff and statutory beneficiaries have been caused to incur attorney's fees and costs prosecuting this matter.

WHEREFORE, the plaintiff individually and as Administratrix of the Estate of Maxwell Schollenberger, deceased, prays for judgment against defendant County of Lebanon, jointly and severally, and the relief which follows:

I.    That plaintiff be awarded compensatory damages as proven;

II.   That plaintiff be awarded reasonable attorney's fees as provided for pursuant to 42 U.S.C.A. § 1988;

III.  That plaintiff be awarded the cost of prosecuting this claim as provided for pursuant to 42 U.S.C.A. § 1988;

IV.   That plaintiff  be awarded reasonable expert fees as provided for pursuant to 42 U.S.C.A. § 1988;

V.    That plaintiff be awarded interest and damages for prejudgment delay;

VI.   That plaintiff be awarded further relief as this Court may deem appropriate.

### COUNT II
### VIOLATIONS OF CIVIL RIGHTS – 42 U.S.C.A. §1983
### PROCEDURAL DUE PROCESS – FOURTEENTH AMENDMENT
### SUPERVISOR LIABILITY
### (Sara Coon, Administratrix of the Estate of Maxwell Schollenberger v Erin M. Moyer)

191.   The plaintiff incorporates by reference the paragraphs above as if set forth herein in full.

192.   At all material times relevant to the subject matter described in this Complaint defendant Erin Moyer was person within the meaning of 42 U.S.C.A. §1983.

193.   At all material times relevant to the subject matter described in this Complaint defendant Erin Moyer acted under the color of state law.

194.   At all relevant times material hereto, pursuant to the provisions of The Pennsylvania Child Protective Services Law, 23 Pa.C.S.A. § 6368 [relating to Responsibilities of Child Protective Services] upon the direct reporting of suspected child abuse of Maxwell Schollenberger by Ms. Lorie Schollenberger to the

Lebanon County Children and Youth Services agency, defendant Erin Moyer owed a statutorily mandated duty to ensure the safety of and to protect Maxwell Schollenberger from child abuse or neglect.

195.    At all relevant times material hereto defendant Erin Moyer was responsible for safeguarding Maxwell Schollenberger's property right of personal security to be protected from child abuse and neglect.

196.    At all relevant times material hereto, employees of the Lebanon County Children and Youth Services agency demonstrated a systemic pattern of insufficiently responding to reports of suspected child abuse which resulted in injury to children.

197.    At all relevant times material hereto defendant Erin Moyer had actual or constructive notice that employees of the Lebanon County Children and Youth Services agency required training in connection with a mandatory duty to respond to reports of suspected child abuse sufficient to ensure the safety of the child-at-risk.

198.    At all relevant times material hereto defendant Erin Moyer failed to supervise, direct, or control the actions of subordinates who did not respond to direct reporting of suspected child abuse sufficient to ensure the safety of at-risk-children and which failure caused the plaintiff's decedent Maxwell Schollenberger to suffer a violation of rights, injury, loss.

199.    At all relevant times material hereto defendant Erin Moyer acknowledged that the training of Lebanon County Children and Youth Services agency employees with regard to the mandatory duty to respond to reports of suspected child abuse sufficient to ensure the safety of the child-at-risk agency was inadequate and made a deliberate choice not to change it.

200.    At all relevant times material hereto upon learning of Lebanon County Children and Youth Services agency employees' failures to carry out the mandatory duty to respond to reports of suspected child abuse sufficient to ensure the safety of the child-at-risk agency, defendant Erin Moyer failed to remedy the wrong and allowed the unconstitutional practice to continue.

201.    At all relevant times material hereto defendant Erin Moyer was grossly negligent in managing subordinates who caused the unlawful condition or event of not responding to direct reporting of suspected child abuse sufficient to ensure the safety of at-risk-children and which failure caused the plaintiff's decedent Maxwell Schollenberger to suffer a violation of rights, injury, loss.

202.    As a direct and proximate result of the defendant Erin Moyer's intentional acts, or omissions or failures to act plaintiff's decedent Maxwell Schollenberger was caused to suffer a deprivation of constitutional rights protected by the due process clause of the Fourteenth Amendment of the United States Constitution.

203.    As a direct and proximate result of the defendant Erin Moyer's intentional acts, or omissions or failures to act plaintiff's decedent Maxwell Schollenberger was caused to suffer deprivation of constitutional rights and that injury, loss, damage, and death aforementioned.

WHEREFORE, the plaintiff individually and as Administratrix of the Estate of Maxwell Schollenberger, deceased, prays for judgment against defendant Erin Moyer, jointly and severally, and the relief which follows:

I.      That plaintiff be awarded compensatory damages as proven;

II.     That plaintiff be awarded exemplary damages as proven;

III.    That plaintiff be awarded reasonable attorney's fees as provided for pursuant to 42 U.S.C.A. § 1988;

IV.     That plaintiff be awarded the cost of prosecuting this claim as provided for pursuant to 42 U.S.C.A. § 1988;

V.      That plaintiff  be awarded reasonable expert fees as provided for pursuant to 42 U.S.C.A. § 1988;

VI.     That plaintiff be awarded interest and damages for prejudgment delay;

VII.    That plaintiff be awarded further relief as this Court may deem appropriate.

## COUNT III
## VIOLATIONS OF CONSTITUTION OF THE COMMONWEALTH OF PENNSYLVANIA MUNICIPAL LIABILITY
### (Sara Coon, Administratrix of the Estate of Maxwell Schollenberger v County of Lebanon)

204.    The plaintiff incorporates by reference the paragraphs above as if set forth herein in full.

205.    At all relevant times material hereto Articles 1, 8, and 26 of the Constitution of the Commonwealth of Pennsylvania conferred upon children-at-risk a substantive right to personal security and to be free from child abuse and neglect upon receipt of the direct or referred reporting of suspected child abuse.

206.    Upon the direct or referred reporting of suspected child abuse to the civil agency responsible for receiving and assessing all reports alleging a need for general protective services, the provisions of the Pennsylvania Child Protective Services Law, 23 Pa.C.S.A. § 6368 [relating to Responsibilities of Child Protective Services] confer a protectible property interest in a child-at-risk of child abuse to a reasoned agency response to ensure the safety of the at-risk-children.

207.    The property interest conferred upon child-at-risk of child abuse to a reasoned agency response is protected by the procedural due process provisions of the Article 1, 8, and 26 of the Constitution of the Commonwealth of Pennsylvania.

208.    Policy-makers of the defendant County of Lebanon responsible for establishing a final policy, custom, or practice with respect to safeguarding the substantive right of children at risk to personal security and to be free from child abuse and neglect upon receipt of the direct or referred reporting of suspected child abuse exercised a deliberate choice to follow a course of action, from among various alternatives, which violated Articles 1, 8, and 26 of the Constitution of the Commonwealth of Pennsylvania and caused plaintiff's decedent to suffer a deprivation of constitutional rights and those various injuries, loss and expenses as set forth above.

209.    Policy-makers of the defendant County of Lebanon responsible for establishing a final policy, custom, or practice with respect to safeguarding the procedural process right of children- at-risk to be free from the taking of its protected property interest to be protected from child abuse and neglect upon the direct or referred reporting of suspected child abuse exercised a deliberate choice to follow a course of action, from among various alternatives, which violated Articles 1, 8, and 26 of the Constitution of the Commonwealth of Pennsylvania and caused plaintiff's decedent to suffer a deprivation of constitutional rights and those various injuries, loss and expenses as set forth above.

210.    As a direct and proximate result of the above-described customs, practices, or policies, employed by the defendant County of Lebanon, plaintiff's decedent Maxwell Schollenberger has been caused to suffer a deprivation of constitutional rights protected by the Articles 1, 8, and 26 of the Constitution of the Commonwealth of Pennsylvania and those various injuries, loss and expenses as set forth above.

WHEREFORE, the plaintiff individually and as Administratrix of the Estate of Maxwell Schollenberger, deceased, prays for judgment against defendant County of Lebanon, jointly and severally, and the relief which follows:

I.      That plaintiff be awarded compensatory damages as proven;

II.     That plaintiff be awarded interest and damages for prejudgment delay;

III.    That plaintiff be awarded further relief as this Court may deem appropriate.

## COUNT IV
## VIOLATIONS OF CONSTITUTION OF THE COMMONWEALTH OF PENNSYLVANIA
## SUPERVISOR LIABILITY
### (Sara Coon, Administratrix of the Estate of Maxwell Schollenberger v Erin M. Moyer)

211.    The plaintiff incorporates by reference the paragraphs above as if set forth herein in full.

212.    At all relevant times material hereto, defendant Erin Moyer was responsible for safeguarding the substantive right of plaintiff's decedent Maxwell Schollenberger, protected by Articles 1, 8, and 26 of the

Constitution of the Commonwealth of Pennsylvania, to personal security and to be free from child abuse and neglect upon receipt of the direct or referred reporting of suspected child abuse.

213.    At all relevant times material hereto, defendant Erin Moyer was responsible for safeguarding the procedural process right of plaintiff's decedent Maxwell Schollenberger, protected by Articles 1, 8, and 26 of the Constitution of the Commonwealth of Pennsylvania, to be free from the taking of his property interest to be protected from child abuse and neglect upon the direct or referred reporting of suspected child abuse without due process of law.

214.    As a direct and proximate result of the above-described actions or inactions of defendant Erin Moyer, plaintiff's decedent Maxwell Schollenberger has been caused to suffer a deprivation of constitutional rights protected by the Articles 1, 8, and 26 of the Constitution of the Commonwealth of Pennsylvania and those various injuries, loss and expenses as set forth above.

WHEREFORE, the plaintiff individually and as Administratrix of the Estate of Maxwell Schollenberger, deceased, prays for judgment against defendant Erin Moyer, jointly and severally, and the relief which follows:

I.      That plaintiff be awarded compensatory damages as proven;

II.     That plaintiff be awarded exemplary damages as proven;

III.    That plaintiff be awarded interest and damages for prejudgment delay;

IV.     That plaintiff be awarded further relief as this Court may deem appropriate.

## COUNT V
## ENDANGERING WELFARE OF CHILDREN – WRONGFUL DEATH
### (Sara Coon, Administratrix of the Estate of Maxwell Schollenberger v Scott Schollenberger, Jr.)

215.    The plaintiff incorporates by reference the paragraphs above as if set forth herein in full.

216.    At all relevant times material hereto, defendant Scott Schellenberger, Jr. was the parent or guardian supervising the welfare of plaintiff's decedent Maxwell Schollenberger.

217.   At all relevant times material hereto plaintiff's decedent Maxwell Schollenberger was under the age of eighteen years-old.

218.   At all relevant times material hereto, defendant Scott Schellenberger, Jr. owed a duty of care, protection or support to plaintiff's decedent Maxwell Schollenberger.

219.   At all relevant times material hereto, defendant Scott Schellenberger, Jr. was aware of his duty of care, protection or support to plaintiff's decedent Maxwell Schollenberger.

220.   At all relevant times material hereto, defendant Scott Schellenberger, Jr. was aware that plaintiff's decedent Maxwell Schollenberger was in circumstances that could threaten the child's physical or psychological welfare.

221.   At all relevant times material hereto, defendant Scott Schellenberger, Jr. intentionally and knowingly violated a duty of care, protection or support owed to plaintiff's decedent Maxwell Schollenberger in the following ways:

(a)   Imprisoned or otherwise held the child captive in an isolated room for prolonged periods of time;

(b)   Failed to provide the child with food sufficient to prevent starvation;

(c)   Failed to provide the child with fluids sufficient to prevent dehydration;

(d)   Battered the child causing the child to suffer blunt force trauma to vital areas of the body;

222.   As a direct and proximate result of the defendant Scott Schellenberger, Jr.'s intentional acts, omissions or failures to act plaintiff's decedent Maxwell Schollenberger was caused to suffer that injury, loss, damage, and death aforementioned.

223.   Defendant Scott Schellenberger, Jr.'s actions were outrageous, malicious, willful, effected with a reckless indifference to the welfare of the plaintiff's decedent.

WHEREFORE, the plaintiff individually and as Administratrix of the Estate of Maxwell Schollenberger, deceased, prays for judgment against defendant Scott Schellenberger, Jr., jointly and severally, and the relief which follows:

I.      That plaintiff be awarded compensatory damages as proven;

II.     That plaintiff be awarded exemplary damages as proven;

III.    That plaintiff be awarded interest and damages for prejudgment delay;

IV.     That plaintiff be awarded further relief as this Court may deem appropriate.

## COUNT VI
## ENDANGERING WELFARE OF CHILDREN – WRONGFUL DEATH
### (Sara Coon, Administratrix of the Estate of Maxwell Schollenberger v Kimberly Maurer)

224.    The plaintiff incorporates by reference the paragraphs above as if set forth herein in full.

225.    At all relevant times material hereto, defendant Kimberly Maurer was the guardian supervising the welfare of plaintiff's decedent Maxwell Schollenberger.

226.    At all relevant times material hereto, plaintiff's decedent Maxwell Schollenberger was under the age of eighteen years-old.

227.    At all relevant times material hereto, defendant Kimberly Maurer owed a duty of care, protection or support to plaintiff's decedent Maxwell Schollenberger.

228.    At all relevant times material hereto, defendant Kimberly Maurer was aware of her duty of care, protection or support to plaintiff's decedent Maxwell Schollenberger.

229.    At all relevant times material hereto, defendant Kimberly Maurer was aware that plaintiff's decedent Maxwell Schollenberger was in circumstances that could threaten the child's physical or psychological welfare.

230.    At all relevant times material hereto defendant Kimberly Maurer intentionally and knowingly violated her duty of care protection or support owed to plaintiff's decedent Maxwell

Schollenberger in the following ways:

    (a)  Imprisoned or otherwise held child captive in an isolated room for prolonged periods of time;

    (b)  Failed to provide the child with food sufficient to prevent starvation;

    (c)  Failed to provide the child with fluids sufficient to prevent dehydration;

    (d)  Battered the child causing the child to suffer blunt force trauma to vital areas of the body;

  231.  As a direct and proximate result of the defendant Kimberly Maurer's intentional acts, omissions or failures to act plaintiff's decedent Maxwell Schollenberger was caused to suffer that injury, loss, damage, and death aforementioned.

  232.  Defendant Kimberly Maurer's actions were outrageous, malicious, willful, effected with a reckless indifference to the welfare of the plaintiff's decedent.

  WHEREFORE, the plaintiff individually and as Administratrix of the Estate of Maxwell Schollenberger, deceased, prays for judgment against defendant Kimberly Maurer, jointly and severally, and the relief which follows:

  I.  That plaintiff be awarded compensatory damages as proven;

  II.  That plaintiff be awarded exemplary damages as proven;

  III.  That plaintiff be awarded interest and damages for prejudgment delay;

  IV.  That plaintiff be awarded further relief as this Court may deem appropriate.

## COUNT VII
## CIVIL CONSPIRACY
### (Sara Coon, Administratrix of the Estate of Maxwell Schollenberger v Scott Schollenberger, Jr. and Kimberly Maurer)

  233.  The plaintiff incorporates by reference the paragraphs above as if set forth herein in full.

  234.  At all relevant times material hereto, defendants Scott Schollenberger, Jr. and Kimberly

Maurer owed a duty to the plaintiff's decedent not to conspire for the purpose of subjecting the plaintiff's decedent to neglect, emotional distress, bodily harm, injury or death.

235.    Defendants Scott Schollenberger, Jr. and Kimberly Maurer engaged in a civil conspiracy with a purpose of subjecting the plaintiff's decedent to neglect, emotional distress, bodily harm, injury or death.

236.    With a common purpose subjecting the plaintiff's decedent to neglect, emotional distress, bodily harm, injury or death defendants Scott Schollenberger, Jr. and Kimberly Maurer engaged in the aforementioned overt acts.

237.    As a direct and proximate result of the conspiracy engaged by the defendants Scott Schollenberger, Jr. and Kimberly Maurer, the plaintiff's decedent was caused to suffer the aforementioned harms, losses and death.

238.    The defendants' actions were outrageous, malicious, willful, effected with a reckless indifference to the welfare of the plaintiff's decedent.

WHEREFORE, the plaintiff individually and as Administratrix of the Estate of Maxwell Schollenberger, deceased, prays for judgment against defendant Scott Schellenberger, Jr.'s and defendant Kimberly Maurer, jointly and severally, and the relief which follows:

I.      That plaintiff be awarded compensatory damages as proven at trial;

II.     That plaintiff be awarded exemplary damages as proven at trial;

III.    That plaintiff be awarded interest and damages for prejudgment delay;

IV.     That plaintiff be awarded further relief as this Court may deem appropriate.

## SECOND CAUSES OF ACTION – SURVIVAL ACTION

### COUNT VIII
### (Sara Coon, Administratrix of the Estate of Maxwell Schollenberger v. County of Lebanon)

239.    The plaintiff incorporates by reference the paragraphs above as if set forth herein in full.

240.    Plaintiff, as Administrator of the Estate of Maxwell Schollenberger, deceased brings this survival action, and those aforementioned, on behalf of the Estate of Maxwell Schollenberger, by virtue of 20 Pa.C.S.A. § 3373 [relating to Action by or Against Personal Representatives]; 42 Pa.C.S.A. § 8302 [relating to Survival Action] and Rule 2202(a) of the Pennsylvania Rules of Civil Procedure to recover all damages recoverable under the Pennsylvania Survival Act.

241.    As a direct and proximate result of the defendant County of Lebanon's aforementioned customs, practices, or policies plaintiff's decedent Maxwell Schollenberger was caused to suffer a deprivation of the right to be free from the taking of his protected property interest without procedural due process to be safeguarded from child abuse and neglect upon the direct or referred reporting of suspected child abuse as protected by the Fourteenth Amendment of the United States Constitution.

242.    As a direct and proximate result of the defendant County of Lebanon's aforementioned customs, practices, or policies plaintiff's decedent Maxwell Schollenberger was caused to suffer a deprivation of the substantive right of children-at-risk to personal security and to be safeguarded from child abuse and neglect upon receipt of the direct or referred reporting of suspected child abuse protected by Articles 1, 8, and 26 of the Constitution of the Commonwealth of Pennsylvania.

243.    As a direct and proximate result of the defendant County of Lebanon's aforementioned customs, practices, or policies plaintiff's decedent Maxwell Schollenberger was caused to suffer a deprivation of the right to be free from the taking of his protected property interest without procedural due process to be safeguarded from child abuse and neglect upon the direct or referred reporting of suspected child abuse as protected by the Articles 1, 8, and 26 of the Constitution of the Commonwealth of Pennsylvania

244.    As a direct and proximate result of the aforementioned described affirmative actions of defendant County of Lebanon and or its authorized agents, ostensible agents, servants, workman and/or employees Maxwell Schollenberger, decedent was caused to suffer a deprivation of constitutional rights, pain, fear, and terror prior to his death.

245.    As a direct and proximate result of the aforementioned described affirmative actions of defendant County of Lebanon Maxwell Schollenberger, decedent was caused to suffer the loss of net earnings he would have earned between the date of his death and his reasonable life expectancy.

246.    As a direct and proximate result of the aforementioned described affirmative actions of defendant County of Lebanon and/or its authorized agents, ostensible agents, servants, workman and/or employees decedent Maxwell Schollenberger was caused to suffer the loss of life's pleasures.

247.    As a direct and proximate result of the aforementioned described affirmative actions of defendant County of Lebanon and or its authorized agents, ostensible agents, servants, workman and/or employees decedent Maxwell Schollenberger was caused to incur attorney's fees and costs prosecuting this matter.

WHEREFORE, the plaintiff individually and as Administratrix of the Estate of Maxwell Schollenberger, deceased, prays for judgment against defendant County of Lebanon, jointly and severally, upon the causes of actions set forth on behalf of the Estate of Maxwell Schollenberger deceased, and the relief which follows:

I.      That plaintiff be awarded compensatory damages as proven;

II.     That plaintiff be awarded reasonable attorney's fees as provided for pursuant to 42 U.S.C.A. § 1988;

III.    That plaintiff be awarded the cost of prosecuting this claim as provided for pursuant to 42 U.S.C.A. § 1988;

IV.     That plaintiff be awarded reasonable expert fees as provided for pursuant to 42 U.S.C.A. § 1988;

V.      That plaintiff be awarded interest and damages for prejudgment delay;

VI.     That plaintiff be awarded further relief as this Court may deem appropriate.

## COUNT IX
### (Sara Coon, Administratrix of the Estate of Maxwell Schollenberger v Erin Moyer)

248.    Plaintiff incorporates by reference the paragraphs above as if set forth herein in full.

249.    As a direct and proximate result of the above-described affirmative action of defendant Erin Moyer, plaintiff's decedent Maxwell Schollenberger has been caused to suffer a deprivation of the right to be free from the taking of his protected property interest without procedural due process to be safeguarded from child abuse and neglect upon the direct or referred reporting of suspected child abuse as protected by the Fourteenth Amendment of the United States Constitution.

250.    As a direct and proximate result of the above-described affirmative action of defendant Erin Moyer plaintiff's decedent Maxwell Schollenberger has been caused to suffer a deprivation of the substantive right of children-at-risk to personal security and to be safeguarded from child abuse and neglect upon receipt of the direct or referred reporting of suspected child abuse protected by Articles 1, 8, and 26 of the Constitution of the Commonwealth of Pennsylvania.

251.    As a direct and proximate result of the above-described affirmative action of defendant Erin Moyer plaintiff's decedent Maxwell Schollenberger has been caused to suffer a deprivation of the right to be free from the taking of his protected property interest without procedural due process to be safeguarded from child abuse and neglect upon the direct or referred reporting of suspected child abuse as protected by the Articles 1, 8, and 26 of the Constitution of the Commonwealth of Pennsylvania

252.    As a direct and proximate result of the above-described affirmative action of defendant Erin

Moyer plaintiff's decedent Maxwell Schollenberger has been caused to suffer a deprivation of constitutional rights, pain, fear, and terror prior to his death.

253.    As a direct and proximate result of the above-described affirmative action of defendant Erin Moyer plaintiff's decedent Maxwell Schollenberger has been caused to suffer the loss of net earnings he would have earned between the date of his death and his reasonable life expectancy.

254.    As a direct and proximate result of the above-described affirmative action of defendant Erin Moyer plaintiff's decedent Maxwell Schollenberger has been caused to suffer the loss of life's pleasures.

255.    As a direct and proximate result of the above-described affirmative action of defendant Erin Moyer plaintiff's decedent Maxwell Schollenberger has been caused to suffer and those various injuries, loss and expenses as set forth above.

256.    As a direct and proximate result of the above-described affirmative action of defendant Erin Moyer plaintiff's decedent Maxwell Schollenberger has been caused to incur attorney's fees and costs prosecuting this matter.

WHEREFORE, the plaintiff individually and as Administratrix of the Estate of Maxwell Schollenberger, deceased, prays for judgment against defendant Erin Moyer, jointly and severally, upon the causes of actions set forth on behalf of the Estate of Maxwell Schollenberger deceased, and the relief which follows:

I.      That plaintiff be awarded compensatory damages as proven;

II.     That plaintiff be awarded reasonable attorney's fees as provided for pursuant to 42 U.S.C.A. § 1988;

III.    That plaintiff be awarded the cost of prosecuting this claim as provided for pursuant to 42 U.S.C.A. § 1988;

IV.     That plaintiff be awarded reasonable expert fees as provided for pursuant to 42 U.S.C.A. §

1988;

    V.       That plaintiff be awarded interest and damages for prejudgment delay;

    VI.     That plaintiff be awarded further relief as this Court may deem appropriate.

## COUNT X
### (Sara Coon, Administratrix of the Estate of Maxwell Schollenberger v Scott Schollenberger, Jr.)

257.    Plaintiff incorporates by reference the paragraphs above as if set forth herein in full.

258.    As a direct and proximate result of the aforementioned intentional, grossly negligent, careless and/or reckless actions of defendant Scott Schollenberger, Jr., plaintiff's decedent Maxwell Schollenberger was caused to suffer the loss of life's pleasures.

259.    As a direct and proximate result of the aforementioned intentional, grossly negligent, careless and/or reckless actions of defendant Scott Schollenberger, Jr. plaintiff's decedent Maxwell Schollenberger was caused to suffer those various injuries, loss and expenses as set forth above.

WHEREFORE, the plaintiff individually and as Administratrix of the Estate of Maxwell Schollenberger, deceased, prays for judgment against defendant Scott Schellenberger, Jr., jointly and severally, and the relief which follows:

    I.       That plaintiff be awarded compensatory damages as proven;

    II.      That plaintiff be awarded exemplary damages as proven;

    III.     That plaintiff be awarded interest and damages for prejudgment delay;

    IV.    That plaintiff be awarded further relief as this Court may deem appropriate.

## COUNT XI
### (Sara Coon, Administratrix of the Estate of Maxwell Schollenberger v Kimberly Maurer)

260.    Plaintiff incorporates by reference the paragraphs above as if set forth herein in full.

261.    As a direct and proximate result of the aforementioned intentional, grossly negligent, careless

and/or reckless actions of defendant Kimberly Maurer, plaintiff's decedent Maxwell Schollenberger was caused to suffer the loss of life's pleasures.

262.     As a direct and proximate result of the aforementioned intentional, grossly negligent, careless and/or reckless actions of defendant Kimberly Maurer, plaintiff's decedent Maxwell Schollenberger was caused to suffer those various injuries, loss and expenses as set forth above.

WHEREFORE, the plaintiff individually and as Administratrix of the Estate of Maxwell Schollenberger, deceased, prays for judgment against defendant Kimberly Maurer, jointly and severally, and the relief which follows:

I.      That plaintiff be awarded compensatory damages as proven;

II.     That plaintiff be awarded exemplary damages as proven;

III.    That plaintiff be awarded interest and damages for prejudgment delay;

IV.     That plaintiff be awarded further relief as this Court may deem appropriate.

Respectfully submitted,

By:    */s/ Steven F. Marino*
       Steven F. Marino, Esquire
       PA Attorney I.D. No.  53034
       Joseph Auddino, Esquire
       PA Attorney I.D. No.  316752
       MARINO ASSOCIATES
       301 Wharton Street
       Philadelphia, PA 19147
       Telephone:      (215) 462-3200
       Telecopier:     (215) 462-4763
       smarino@marinoassociates.net
       jauddino@marinoassociates.net

Dated:   August 24, 2021                    *Attorneys for Plaintiff*

50

Case 1:21-cv-01674-JPW   Document 1-2   Filed 09/28/21   Page 53 of 56

## <u>VERIFICATION</u>

The undersigned, having read the attached verifies that the facts set forth in the forgoing are based on information furnished to counsel in the course of this proceeding and are true and accurate to the best of the knowledge, information and belief of the undersigned. The language included in the submission is that of counsel and not of the undersigned. To the extent that the content of the submission is that of counsel, the undersigned has relied upon counsel in providing this Verification. This Verification is executed subject to the penalties for unsworn falsification to authorities pursuant to 18 Pa.C.S.A 4904.

Respectfully submitted,

# EXHIBIT

# 1

REGISTER OF WILLS

CERTIFICATE OF GRANT OF LETTERS

Estate No. **2021-00637**

State File No. **3821-0571**

Estate of **MAXWELL THOMAS SCHOLLENBERGER**

███████████████████

█████████████

Social Security No. ████████

WHEREAS,

**MAXWELL THOMAS SCHOLLENBERGER, late of ANNVILLE TOWNSHIP,**

died on the **Twenty-sixth day of May, A.D. 2020, and**

WHEREAS, the grant of letters is required for the
administration of the estate.

THEREFORE, I, BRIAN CRAIG Register of Wills in and for
the County of Lebanon in the Commonwealth of Pennsylvania,
have this day granted **LETTERS OF ADMINISTRATION**

to    **SARA L. COON**

who has duly qualified as **ADMINISTRATOR** and has
agreed to administer the estate according to law, all of which
fully appears of record in my Office at Lebanon, Pennsylvania.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed
the seal of my Office the **Twenty-eighth day of June, A.D. 2021.**

_Shannon Pate_
Register of Wills, Clerk

COMMONWEALTH OF PENNSYLVANIA     **}** ss:

COUNTY OF LEBANON

          I, BRIAN CRAIG, Register for the Probate of Wills and Granting Letters of Administration in and for the County of Lebanon, in the Commonwealth of Pennsylvania, do hereby certify and make known that on the **Twenty-eighth day of June, A.D. 2021, LETTERS OF ADMINISTRATION** on the Estate of **MAXWELL THOMAS SCHOLLENBERGER, deceased,** were granted unto

**SARA L. COON**

          having been duly affirmed to administer the same according to law, said appointment has never been revoked and is still in full force and effect.

          Given under my hand and official seal, this **Twenty-ninth day of June, A.D. 2021.**

Date of Death **5/26/2020**
Social Security No. ▮▮▮▮▮
State File No. **3821-0571**

BRIAN CRAIG, Register

Per _____
    ~~Deputy~~ Clerk

## NOT VALID WITHOUT EMBOSSED SEAL

## SHORT CERTIFICATE